UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CODY CHRISTOPHER DANTIN                         CIVIL ACTION

VERSUS                                          NUMBER: 18-11233

JUDGE HUGH LAROSE, ET AL.                       SECTION: "M"(5)

## REPORT AND RECOMMENDATION

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Cody Christopher Dantin, against Defendants, Judge Hugh Larose of the Seventeenth Judicial District Court for the Parish of Lafourche; Kristine Russell and Shaun George of the Lafourche Parish District Attorney's Office; Julie Erny of/and the Lafourche Parish Indigent Defender's Office; and Annette Fontana, Clerk of Court for the Seventeenth Judicial District Court.  (Rec. docs. 3, pp. 1, 4; 5).

Plaintiff is an inmate of the Lafourche Parish Detention Center who is serving consecutive sentences totaling 124 years following his September 19, 2018 conviction for armed robbery and possession of a firearm by a convicted felon in the Seventeenth Judicial District Court.  Invoking §1983, Plaintiff now sues the Judge, prosecutors, public defender, and Clerk of the Court of the jurisdiction wherein he was convicted, arguing that he has been denied a fair trial and his rights to effective assistance of counsel and due process based upon a slew of allegations, including judicial bias, the introduction of a "phony weapon," attempted subornation of perjury, excessive bond and post-trial publicity, inadequate consultation, and the denial of free copies of records.  (Rec. doc. 3, pp. 5-11).  For the foregoing transgressions, Plaintiff seeks an unspecified amount of compensatory damages and an investigation of the

named Defendants by the Bar Association and law enforcement personnel for possible disbarment and prosecution for malfeasance in office. (*Id.* at p. 12).

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. *Caldwell v. Line*, 676 F.2d 494 (5th Cir. 1982); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state-court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. *Knox v. Butler*, 884 F.2d 849, 852 n.7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 827 F.2d 699, 702 (5th Cir. 1988).

Plaintiff's allegations against the named Defendants, which include accusations of wrongdoing and neglect by the presiding Judge, the prosecutors, his court-appointed counsel, and the Clerk of Court, clearly challenge the fact and duration of his confinement and must initially be pursued on habeas corpus grounds, but only after he has exhausted available state court remedies with respect to such allegations. *Hernandez v. Spencer*, 780

F.2d 504, 505 (5th Cir. 1986). In that regard, Plaintiff indicates on the face of his complaint, in answer to Question No. I(A) of the pre-printed §1983 complaint form, that he has not initiated any other lawsuits in state or federal court dealing with the same facts that are involved in this action or otherwise relating to his imprisonment. (Rec. doc. 3, p. 1). Accordingly, insofar as the instant matter can be construed as a request for habeas corpus relief it should be dismissed without prejudice for failure to exhaust available state-court remedies. *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any valid §1983 claims are raised by Plaintiff's complaint. For the reasons that follow, the Court answers that question in the negative. With respect to the first-listed Defendant, Judge Larose, the alleged conduct of which Plaintiff complains concerns the manner in which the Judge handled a case pending before him, namely, Plaintiff's state-court criminal proceeding. Such conduct is clearly judicial in nature, triggering the application of judicial immunity. *Jones v. Judge of the 129th, Harris County District Court*, 113 Fed.Appx. 603, 604 (5th Cir. 2004)(citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)). As such, plaintiff's §1983 claim against Judge Larose in his individual capacity fails due to the absolute judicial immunity that the Judge enjoys. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978); *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993). Further, any such claim brought against Judge Larose in his official capacity fails for two reasons. First, the Judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of §1983. *Washington v. Louisiana*, No. 09-CV-3186, 2009 WL 2015556 at *5 (E.D. La. Jun. 30, 2009). Second, because an official-capacity claim against the Judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188

(5th Cir. 1986); *Doris v. VanDavis*, No. 08-CV-4138, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009).

Turning to DA Russell and ADA George, any claim against them in their individual capacity is barred by the absolute prosecutorial immunity that they enjoy. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994); *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993). That immunity applies even where the prosecutors' acts were alleged to have been malicious, wanton, or negligent. *Rykes v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). Construing Plaintiff's allegations as having been brought against the prosecutors in their official capacity, Plaintiff fares no better because he does not allege, much less identify, a policy or custom which allegedly caused the deprivation of his constitutional rights. *Rinker v. New Orleans District Attorney*, No. 10-CV-0810, 2010 WL 2773236 at *4-5 (E.D. La. Jun. 15, 2010); *adopted*, 2010 WL 2773383 (E.D. La. Jul. 12, 2010)(citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

The next named Defendants are Julie Erny of the Lafourche Parish Indigent Defender's Office and that Office itself. As to the former Defendant, absent colorable allegations of a conspiracy with traditional state actors, none of which are present here, neither retained nor appointed counsel are considered to be acting under color of state law for purposes of §1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981); *Marts v. Hines*, 68 F.3d 134, 135-36 (5th Cir. 1995); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985). The latter Defendant simply lacks the capacity to sue or be sued under §1983. *McCann v. Louisiana*, No.

11-CV-1663, 2012 WL 1309251 at *1-2 (W.D. La. Mar. 12, 2012), *adopted*, 2012 WL 1309281 (E.D. La. Apr. 16, 2012).

That leaves before the Court Plaintiff's purported §1983 claim against Clerk of Court Fontana. As to her, Plaintiff complains that he was not provided with a free copy of his preliminary examination hearing transcript, notwithstanding the fact that he is indigent. Absent a showing of a particularized need, a state prisoner like Dantin is not entitled to a free copy of transcripts and records merely because he is indigent. *Moore v. Wainwright*, 633 F.2d 406, 408-10 (5th Cir. 1980); *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *Route v. Blackburn*, 498 F.Supp. 875, 877 (W.D. La. 1980). Moreover, insofar as Plaintiff had court-appointed counsel at all relevant times, his right of access to the courts was adequately protected. *Ford v. Foti*, 52 F.3d 1068, 1995 WL 241811 at *3 (5th Cir. 1995)(citing *Tarter v. Hury*, 646 F.2d 1010, 1014 (5th Cir. 1981)); *Chisolm v. Terral*, No. 12-CV-0437, 2013 WL 6669617 at *2 (E.D. La. Dec. 18, 2013)(and cases cited therein).

Finally, common to all of the named Defendants is the overarching principle that, unless and until Plaintiff is able to have his conviction declared invalid by a state or federal tribunal authorized to make such a determination, no §1983 claim for monetary damages comes to fruition. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994); *Thomas v. Pohlmann*, 681 Fed.Appx. 401, 406 (5th Cir. 2017); *Krueger v. Reimer*, 66 F.3d 75, 76 (5th Cir. 1995). For all these reasons, it will be recommended that Plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii). *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available court remedies.

IT IS FURTHER RECOMMENDED that Plaintiff's claims under 42 U.S.C. be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this  28th  day of      December    , 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.